IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMBIT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| DELTA AIR LINES, INC. and | ) | |
| AIRCELL LLC, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff AMBIT Corporation ("AMBIT" or "Plaintiff"), by and through its attorneys,

hereby demands a jury trial and complains of Defendants Delta Air Lines, Inc. ("Delta") and

Aircell LLC ("Aircell"), individually or collectively referred to as "Defendant" or "Defendants"

as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement resulting from Defendants' "Gogo®

Inflight Internet" system and service, which allows passengers on Delta flights to use personal

communication devices, such as a Blackberry®, iPhone® or laptop computer, while in flight,

including flights to and from Logan International Airport in Boston, Massachusetts.  The

Defendants' system and service infringes one or more claims of United States Patent No.

7,400,858 (the "'858 Patent"), a copy of which is attached as Exhibit A.  The '858 Patent was

issued by the United States Patent and Trademark Office on July 15, 2008.

## THE PARTIES

2.      AMBIT Corporation is a corporation organized and existing under the laws of Delaware with a place of business at Ashland Technology Laboratory, 72 Nickerson Road, Ashland, Massachusetts 01721.

3.      Plaintiff AMBIT is the lawful assignee of all right, title and interest in and to the '858 Patent.

4.      Upon information and belief, Defendant Delta Air Lines, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business in Atlanta, Georgia, and which regularly conducts business in this judicial district.  Delta Air Lines, Inc. is a registered foreign corporation in this judicial district with a Registered Agent at Corporation Service Company, 84 State Street, Boston, Massachusetts 02109.

5.      Upon information and belief, Defendant Aircell LLC is a limited liability company organized and existing under the laws of Delaware with a principal place of business in Itasca, Illinois, and which regularly conducts business in this judicial district.

## JURISDICTION AND VENUE

6.      This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 *et seq*. and 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Defendants because this action arises from (a) Defendants' infringing activity in Massachusetts; and (b) Defendants' causing injury in Massachusetts by reason of their infringing activity outside Massachusetts and because Defendants do or solicit business in Massachusetts or derive substantial revenue from the sale of services provided in Massachusetts.

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## COUNT I

### (Patent Infringement of United States Patent No. 7,400,858)

9.     Paragraphs 1 through 8 are incorporated by reference as if fully restated herein.

10.    Defendants make, use, sell, offer to sell and/or import into the United States products, services, methods or processes, including the Defendants' "Gogo® Inflight Internet" system and service, in this judicial district and elsewhere that infringe the '858 Patent directly and/or indirectly, under 35 U.S.C. §§ 271(a), (b) and (c).

11.    Defendants' infringe, *inter alia*, Claim 1 of the '858 Patent, which reads as follows:

1. A system for enabling communication from personal computer communication devices located within a passenger vehicle to a distant communication system located outside of said passenger vehicle, each of said personal computer devices having a radiative RF antenna, said system comprising:

at least one first RF antenna arranged within said passenger vehicle to communicate an RF signal wirelessly with said personal computer communication devices;

at least one second RF antenna arranged to radiate outside of said passenger vehicle to wirelessly communicate with said distant communication system located outside of said passenger vehicle;

a control computer arranged to control a communications link between said at least one of said first RF antenna within said passenger vehicle and said at least one second RF antenna arranged to radiate outside of said passenger vehicle, said control computer arranged to control use and time in which said personal computer communication devices are enabled to communicate with said distant communication system outside of said passenger vehicle,

wherein said passenger vehicle is an aircraft.

12.    The Defendants' "Gogo® Inflight Internet" system and service are used on Delta Air Lines aircraft.

13.    The Defendants' "Gogo® Inflight Internet" system and service, as used on Delta Air Lines aircraft, allow passengers in the aircraft who have a personal computer communication device, such as a Blackberry®, an iPhone®, or a laptop computer, to communicate with a distant communication system located outside of the aircraft.

14.    The Defendants' "Gogo® Inflight Internet" system and service, as used on Delta Air Lines aircraft, include an RF antenna arranged within the aircraft that can communicate by an RF signal wirelessly with a passenger's personal computer communication device.

15.    The Defendants' "Gogo® Inflight Internet" system and service, as used on Delta Air Lines aircraft, include at least one other RF antenna arranged to radiate outside of the aircraft and to wirelessly communicate with a distant communication system.

16.    The Defendants' "Gogo® Inflight Internet" system and service, as used on Delta Air Lines aircraft, include a control computer arranged to control a communications link between the first RF antenna within the aircraft and the second RF antenna arranged to radiate outside of the aircraft.

17.    The Defendants' "Gogo® Inflight Internet" system and service, as used on Delta Air Lines aircraft, include a control computer that can control the use and time in which a personal computer communication device is enabled to communicate with a distant communication system outside of the aircraft.

18.    Defendants have been and are infringing one or more of the claims of the '858 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

19.    Defendants' infringement has caused Plaintiff to suffer irreparable harm.

20.    Plaintiff has suffered and continues to suffer damages caused by Defendants' infringement.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, granting Plaintiff the following relief:

(A)     that this Court adjudge and decree that the '858 Patent is valid and enforceable against the Defendants;

(B)     that this Court adjudge and decree that the Defendants have infringed and continue to infringe the '858 Patent;

(C)     that this Court enter an award to Plaintiff of such damages against Defendants together with prejudgment interest and costs;

(D)     that this Court order an award to Plaintiff of damages and other relief as provided by 35 U.S.C. §§ 284 and 285; and

(F)     that this Court grant to Plaintiff such other, further, and different relief as may be just and proper.

February 13, 2009                           HAMILTON, BROOK, SMITH & REYNOLDS, P.C.


                                   /s/ Brian T. Moriarty
                                   Brian T. Moriarty (BBO# 665995)
                                   brian.moriarty@hbsr.com
                                   David J. Thibodeau, Jr. (BBO# 547554)
                                   david.thibodeau@hbsr.com
                                   David J. Brody (BBO# 058200)
                                   david.brody@hbsr.com
                                   530 Virginia Road
                                   P.O. Box 9133
                                   Concord, Massachusetts 01742-9133
                                   Telephone:  (978) 341-0036
                                   Facsimile:   (978) 341-0136

GESMER UPDEGROVE, LLP
Lee T. Gesmer (BBO# 190260)
lee.gesmer@gesmer.com
Joseph J. Laferrera (BBO# 564572)
joe.laferrera@gesmer.com
40 Broad Street
Boston, Massachusetts  02109
Telephone:     (617) 350-6800
Facsimile:     (617) 350-6878

*Attorneys for Plaintiff*

865753_1