IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBIT CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., AND AIRCELL LLC,<br><br>                    Defendants. | CIVIL ACTION No. 1:09-CV-10217-WGY<br><br>JURY TRIAL DEMANDED |

## DEFENDANT AIRCELL LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Aircell LLC ("Aircell") responds to Plaintiff Ambit Corporation's ("Ambit's") Complaint against Delta Air Lines, Inc. ("Delta") and Aircell in accordance with the numbered paragraphs thereof, as follows. All allegations of fact and conclusions of law contained in Plaintiff's Complaint are denied, except those specifically admitted herein:

### NATURE OF THE ACTION

1. Aircell admits that the Complaint purports to raise a cause of action for infringement of U.S. Patent No. 7,400,858 (the "'858 Patent"). Aircell admits that the United States Patent and Trademark Office issued the '858 Patent on July 15, 2008 but denies that the '858 Patent was validly issued. Aircell admits that the Gogo® Inflight Internet system and service allow passengers on some Delta flights, including some flights to and from Logan International Airport in Boston, Massachusetts, to connect to the Internet while in flight but denies that the Gogo® Inflight Internet system and service infringe any valid claims of the '858

Patent in any manner or under any theory and denies the remaining allegations of paragraph 1 of the Complaint.

## THE PARTIES

2. Aircell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies these allegations.

3. Aircell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies these allegations.

4. Aircell states that paragraph 4 is directed to a defendant other than Aircell, and thus no response is required of Aircell. To the extent a response is required, Aircell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies these allegations.

5. Aircell admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Itasca, Illinois. Aircell states that it is not registered to do business in Massachusetts and denies the remaining allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Aircell admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq*. Aircell does not contest this Court's subject matter jurisdiction.

7. Aircell is not registered to do business in Massachusetts but will not contest personal jurisdiction in this action. Aircell denies any infringing activity in Massachusetts or outside of Massachusetts, denies that it has caused injury in Massachusetts or elsewhere and

denies the remaining allegations contained in paragraph 7 of the Complaint. To the extent that the allegations of paragraph 7 are in any way based upon Delta's alleged use, importation, offer for sale or sale of or any acts concerning the Gogo® Inflight Internet system and service, Aircell denies such allegations. To the extent a response is otherwise required, Aircell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies these allegations.

8. Aircell is not registered to do business in Massachusetts but will not contest venue in this action. To the extent that paragraph 8 relates to Delta, Aircell states that no response is required of Aircell. To the extent a response is required, Aircell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint and, therefore, denies these allegations.

### COUNT I—PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,400,858

9. Aircell incorporates the allegations in paragraphs 1 through 8 as if fully set forth herein.

10. Aircell denies that it makes, uses, sells, offers to sell or imports into the United States any products, services, methods or processes, in this judicial district or elsewhere, that infringe any valid claims of the '858 Patent directly or indirectly, under 35 U.S.C. §§ 271(a), (b) and (c). Further, to the extent that the allegations of paragraph 10 are in any way based upon Delta's alleged use, importation, offer for sale or sale of or any acts concerning the Gogo® Inflight Internet system and service, Aircell denies such allegations. To the extent a response is otherwise required, Aircell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies these allegations.

11.     Aircell admits that claim 1 of the '858 Patent is reproduced in paragraph 11 of the Complaint but denies that Aircell infringes any valid claims of the '858 Patent. To the extent that the allegations of paragraph 11 are in any way based upon Delta's alleged use, importation, offer for sale or sale of or any acts concerning the Gogo® Inflight Internet system and service, Aircell denies such allegations. To the extent a response is otherwise required, Aircell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies these allegations.

12.     Aircell admits that the Gogo® Inflight Internet system and service are used on some Delta Air Lines aircraft.

13.     The allegations of paragraph 13 call for a legal conclusion, including as to the meaning of the phrases "personal computer communication device" and "distant communication system located outside of the aircraft." Because these claim terms have yet to be construed by the Court, Aircell is unable to either admit or deny these allegations at this time, and therefore denies them.

14.     The allegations of paragraph 14 call for a legal conclusion, including as to the meaning of the phrases "an RF antenna arranged within the aircraft that can communicate by an RF signal wirelessly with a passenger's personal computer communication device" and "personal computer communication device." Because these claim terms have yet to be construed by the Court, Aircell is unable to either admit or deny these allegations at this time, and therefore denies them.

15.     The allegations of paragraph 15 call for a legal conclusion, including as to the meaning of the phrases "at least one other RF antenna arranged to radiate outside of the aircraft and to wirelessly communicate with a distant communication system" and "distant

communication system." Because these claim terms have yet to be construed by the Court, Aircell is unable to either admit or deny these allegations at this time, and therefore denies them.

16.     The allegations of paragraph 16 call for a legal conclusion, including as to the meaning of the phrase "a control computer arranged to control a communications link between the first RF antenna within the aircraft and the second RF antenna arranged to radiate outside of the aircraft." Because these claim terms have yet to be construed by the Court, Aircell is unable to either admit or deny these allegations at this time, and therefore denies them.

17.     The allegations of paragraph 17 call for a legal conclusion, including as to the meaning of the phrase "a control computer that can control the use and time in which a personal computer communication device is enabled to communicate with a distant communication system outside of the aircraft." Because these claim terms have yet to be construed by the Court, Aircell is unable to either admit or deny these allegations at this time, and therefore denies them.

18.     Aircell denies the allegations of paragraph 18 of the Complaint.

19.     Aircell denies the allegations of paragraph 19 of the Complaint.

20.     Aircell denies the allegations of paragraph 20 of the Complaint.

## JURY DEMAND

21.     Aircell admits that the Complaint sets forth a demand for trial by jury. Aircell demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Aircell denies that Plaintiff is entitled to any relief and denies all of the allegations contained in paragraphs A – F of Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

22. Aircell asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

### FIRST DEFENSE
(Failure to State a Claim)

23. The Complaint fails to state a claim upon which relief can be granted because Aircell has not performed any act and is not proposing to perform any act in violation of any right validly belonging to Plaintiff.

### SECOND DEFENSE
(Non-Infringement)

24. Aircell has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '858 Patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE
(Invalidity)

25. Upon information and belief, the claims of the '858 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH DEFENSE
(Prosecution History Estoppel)

26. Plaintiff is estopped by representations or actions taken during the prosecution of the '858 Patent and related patents under the doctrine of prosecution history estoppel.

### FIFTH DEFENSE
(35 U.S.C. § 288)

27. On information and belief, Plaintiff is not entitled to seek recovery of its costs pursuant to 35 U.S.C. § 288.

### SIXTH DEFENSE
(Prosecution Laches)

28. Plaintiff's claims are barred by the doctrine of prosecution laches.

### SEVENTH DEFENSE
(No Irreparable Harm)

29. Plaintiff is not entitled to injunctive relief against Aircell because any alleged injury to Plaintiff as a result of Aircell's alleged activities is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### EIGHTH DEFENSE
(Exceptional Case)

30. This case is exceptional under 35 U.S.C. § 285.

### COUNTERCLAIMS OF DEFENDANT AIRCELL LLC

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Aircell LLC ("Aircell"), for its Counterclaims against Ambit Corporation ("Ambit"), alleges as follows:

### PARTIES

1. Aircell is a limited liability company organized and existing under the laws of Delaware with its principal place of business located at 1250 North Arlington Heights Rd., Suite 500, Itasca, Illinois 60143.

2. Ambit alleges that it is a corporation organized and existing under the laws of Delaware and having a principal place of business located at Ashland Technology Laboratory, 72 Nickerson Road, Ashland, Massachusetts 01721.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district for these Counterclaims pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

### FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,400,858)

5. Aircell incorporates the allegations in paragraphs 1 through 30 of the Answer and defenses herein and paragraphs 1 through 4 of these counterclaims as if fully set forth herein.

6. Aircell has not infringed, and does not infringe, any valid and enforceable claim of U.S. Patent No. 7,400,858 ("the '858 Patent"), either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

7. The Gogo® Inflight Internet system and service have not infringed, and do not infringe, any valid and enforceable claim of the '858 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,400,858)

8. Aircell incorporates the allegations in paragraphs 1 through 30 of the Answer and defenses herein and paragraphs 1 through 4 of these counterclaims as if fully set forth herein.

9. The claims of the '858 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EXCEPTIONAL CASE

10. This is an exceptional case entitling Aircell to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

### JURY DEMAND

11. Aircell demands trial by a jury.

**PRAYER FOR RELIEF**

Aircell prays for a Judgment as follows:

(a) dismissal with prejudice of Plaintiff's Complaint against Aircell and Delta;

(b) a declaration that Aircell and Delta have not infringed, and do not infringe, any valid and enforceable claim of the '858 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents;

(c) a declaration that the '858 Patent is invalid;

(d) a declaration that Plaintiff's claims are limited by the provisions of 35 U.S.C. § 288;

(e) a denial of Plaintiff's request for damages and other relief;

(f) a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 and the awarding of reasonable attorneys' fees to Aircell to the extent permitted by law;

(g) costs and expenses be awarded to Aircell, and

(h) the grant to Aircell of any further equitable or legal relief as the Court deems just and proper.

Dated: April 10, 2009

/s/ Mark D. Smith
Mark D. Smith BBO# 542676
Email: smith@laredosmith.com
Marc C. Laredo, BBO#543973
Email: laredo@laredosmith.com
**LAREDO & SMITH, LLP**
15 Broad Street, Suite 600
Boston, MA 02109
Tel: 617-367-7984
Fax: 617-367-6475

OF COUNSEL:

David T. Pritikin
Email: dpritikin@sidley.com
Thomas D. Rein
Email: trein@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Tel: 312-853-7000
Fax: 312-853-7036

Tung T. Nguyen
Email: tnguyen@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: 214-981-3300
Fax: 214-981-3400

**ATTORNEYS FOR DEFENDANT AIRCELL LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


April 10, 2009
                                              /s/ Mark D. Smith
                                              Mark D. Smith BBO# 542676
                                              Email: smith@laredosmith.com
                                              **LAREDO & SMITH, LLP**
                                              15 Broad Street, Suite 600
                                              Boston, MA  02109
                                              Tel: 617-367-7984
                                              Fax: 617-367-6475