IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBIT CORPORATION, | ) |
|        Plaintiff, | ) C. A. No. 09-10217-WGY |
| v. | ) |
| DELTA AIR LINES, INC. and AIRCELL LLC | ) |
|        Defendants. | ) |

*May 1, 2009*

YOUNG, D.J. *as modified*
So ordered as the case management scheduling c[onference]
Dis[covery due] *Dec 5, 2009*
Dispositive motions due *Dec 22, 2009*

*William G. Young*
U. District Judge

## JOINT STATEMENT OF THE PARTIES FOR SCHEDULING CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.1 and 16.6, plaintiff Ambit Corporation and defendants Delta Air Lines, Inc. and Aircell LLC submit the following Joint Report and Statement for the Scheduling Conference in this action set for Monday, May 4, 2009.

Case Overview: Ambit Corporation ("Ambit") is a company based in Ashland, Massachusetts that is the owner of U.S. Patent No. 7,400,858 ("the '858 Patent"). Ambit states that the '858 Patent is generally directed to, *inter alia*, systems for the use of wireless devices on aircraft. Aircell, LLC ("Aircell") operates a start-up business that provides wireless broadband internet service under the brand name Gogo to passengers on aircraft operated in the United States by Aircell's customer, Delta Air Lines, Inc. ("Delta"), including certain aircraft flying in or out of Boston's Logan International Airport. Ambit asserts that the Gogo service infringes the '858 Patent. Delta and Aircell assert that they do not infringe the '858 Patent and that the '858 Patent is invalid.

Pursuant to Local Rules 16.1 and 16.6, the parties address the following topics:

1.      <u>Discovery Plan</u>: A joint plan is set forth below, with competing dates proposed by the two parties. Plaintiffs selected dates to coincide with this Court's policy of setting a case for trial no more than one year after the month following the date of initial case management scheduling conference, as stated on page 28 of "The U.S. District Court Speaks." THE U.S. DISTRICT COURT SPEAKS (MCLE, Inc. 5th Ed. 2008). As shown in the table below, the parties have significant differences as to the date for specified events. The principal basis for the disagreement in dates derives from the parties' disagreement on a trial date. Plaintiff seeks a trial thirteen months after the filing of the complaint and defendants seeks a trial nineteen months after the filing of the complaint.

Defendants selected dates to coincide with the suggested dates in the local rules, including the requirement that the Pre-Trial Conference be scheduled within 18 months of the filing of the Complaint. For example, defendants propose that they have 90 days from the case management conference to submit their non-infringement and invalidity contentions (consistent with the timing provided in the patent local rule) – time defendants need because they will be simultaneously preparing a Reexamination Petition, a motion for stay and possibly a motion for summary judgment. Plaintiff, by contrast, proposes that defendants have only 37 days. Defendants submit that plaintiff's accelerated schedule would prejudice defendants' ability to prepare its defense and could frustrate defendants' opportunity to have the '858 patent timely re-examined by the United States Patent Office.

2.      <u>Schedule for Filing of Dispositive Motions</u>: A schedule is included in the joint plan below, with competing dates proposed by the two parties.

3.      <u>Local Rule 16.1(E)</u>: This is a case for patent infringement under 35 U.S.C. §§ 1 *et seq*. Ambit asserts that the case is one of "normal" complexity and does not qualify as one that is

"'complex' or otherwise appropriate for careful and deliberate monitoring in an individualized and case-specific manner" within the meaning of Local Rule 16.1(E). Aircell and Delta assert that, due to the factual and legal issues presented, this patent case is "complex" within the meaning of Local Rule 16.1(E).

4.  Confidential and Privileged Documents: The parties are negotiating an appropriate Protective Order and anticipate presenting that Order to the Court at the May 4 Conference or shortly thereafter.

5.  Filing Confidential Information with the Court: The parties recognize that the Court does not prefer the filing of information under seal. However, the parties would like to implement a procedure for filing papers containing Confidential Information with the Court, wherein the Court and counsel of record have full access to the Confidential Information but the general public only has access to a redacted version of the document. The parties have conferred with the Court's Docket Clerk about this issue. The parties suggest a new approach that allows the parties to file a redacted version of documents that contain confidential information on the ECF system and also to submit a non-redacted version of the document to the Court's Docket Clerk for "restricted" filing on the ECF system. The "restricted" ECF filing would be fully available to the Court and counsel of record, but not accessible by other ECF users. Other ECF users would have access to the redacted version of the document. A proposed order implementing this approach is attached as Exhibit A, hereto. *[handwritten: nothing shall be filed with the Court under seal absent a motion to seal for good cause shown.]*

6.  Subjects of Discovery: The scope of discovery shall conform to Fed. R. Civ. P. 26(b)(1).

7.  Phased Discovery: The parties do not believe that phased discovery is necessary in this action.

8.  <u>Limits on Discovery</u>: The parties jointly agree that several changes should be made to the limitations on discovery. The parties may consent to additional changes to the limitations on discovery. Absent consent, a party may seek additional changes to the limitations on discovery by motion to the Court based on a showing of good cause and need.

(a)  <u>Depositions</u>

The parties agree that the plaintiff will be allowed a total of fifteen (15) depositions and the defendants collectively will be allowed a total of fifteen (15) depositions under Fed. R. Civ. P. 30. Defendants will be entitled to depose each of the two named inventors of the '858 patent in their individual capacity for up to fourteen (14) hours, but each of these fourteen (14) hour depositions shall count as two (2) depositions toward the defendants' limit of fifteen (15) total depositions.

Depositions under Fed. R. Civ. P. 30(b)(6) will not be limited to seven (7) hours, but each seven (7) hours of a Rule 30(b)(6) deposition will count as one (1) deposition toward the limit.

(b)  <u>Interrogatories</u>

The parties agree that the plaintiff will be allowed a total of twenty-five (25) interrogatories and the defendants collectively will be allowed a total of twenty-five (25) interrogatories. The parties further agree that an interrogatory from Ambit shall count as one (1) interrogatory regardless of whether it is directed to Aircell individually, Delta individually, or Aircell and Delta collectively.

The parties may serve contention interrogatories.

(c)  <u>Requests for Admission</u>

The parties propose that each side be allowed twenty-five (25) requests for admission. The parties further agree that a request for admission from Ambit shall count as one (1) request

for admission regardless of whether it is directed to Aircell individually, Delta individually, or Aircell and Delta collectively.

The parties agree that the limits on requests for admission do not apply to requests to authenticate documents reasonably expected to be admitted as evidence at trial.

    (d)    Requests for Production of Documents and Things

Plaintiff proposes that it be allowed up to seventy-five (75) individual requests for documents and things directed to each defendant, and that defendants collectively be allowed seventy-five (75) individual requests for documents and things directed to the plaintiff.

Defendants propose that plaintiff be allowed two (2) sets of requests for documents and things directed to each defendant and that defendants collectively be allowed two (2) sets of requests for documents and things directed to the plaintiff.

9.    Limits on Electronically Stored Information: The parties agree that they have or will institute a general "litigation hold" to preserve all relevant documents, including electronically stored information, and have discussed the issues raised in Fed. R. Civ. P. 26(f)(3) and Local Rule 16.6(A)(7).

10.    Claim Construction: The parties set forth a schedule for claim construction in the joint plan below. The parties will indicate their preference(s) for claim construction being determined through live testimony or based on the papers and attorney argument in the joint statement required by Local Rule 16.6 Appendix (B)(4).

11.    Tutorials: At this time, the parties are not certain whether tutorials, contemplated by Local Rule 16.6(A)(4), are necessary in this action. The parties agree to indicate their preference on this matter in the joint statement required by Local Rule 16.6 Appendix (B)(4).

12. <u>Dispositive Issues</u>:

*Defendants' Position:*

Aircell intends to promptly file for re-examination of the '858 patent with the United States Patent & Trademark Office ("PTO"). Shortly thereafter, Aircell intends to file a motion to stay this litigation pending the outcome of the reexamination. Along with this motion, Aircell may also file a motion for summary judgment of invalidity, in the event the Court prefers to reach the merits of the invalidity issue before the PTO. Defendant believes that the discovery schedule should be set to accommodate this briefing, and so that costs and expenses can be minimized before such motions are resolved. Defendants believe that Aircell, a start-up company, should not be forced to incur huge legal expenses before the invalidity of this highly questionable patent is considered by the Patent Office or this Court. In defendants' view, the local rules contemplate custom tailoring such procedures for appropriate cases. Plaintiff's position, that defendants should be precluded from filing an early summary judgment motion, or foreclosed from seeking summary judgment on different issues at a later date if it brings an early motion for summary judgment, appears designed to frustrate defendants' attempt to have this case summarily resolved without incurring significant legal expenses.

Contrary to plaintiff's assertion that Aircell is unwilling to identify the prior art that will be the subject of its Reexamination Petition, Aircell has indicated that it will identify that art shortly, as it expects to file its Reexamination Petition in the next few weeks. However, Aircell's investigation and analysis is currently on-going and it would be premature for Aircell to disclose the prior art to plaintiff prior to the completion and filing of its Reexamination Petition. In addition, Aircell is unwilling to identify the prior art before the filing of its Petition because plaintiff has other currently pending patent applications, including one that was withdrawn after

allowance, and plaintiff should not be allowed to submit the newly identified prior art to the PTO in those pending applications without also submitting Aircell's Reexamination Petition explaining the highly relevant nature of the prior art. Aircell plans to identify the prior art to plaintiff together with its Reexamination Petition, so that plaintiff will be obligated to put the Reexamination Petition before the PTO, together with the prior art references.

*Plaintiff's Position:*

Counsel for Aircell has advised counsel for Ambit that it has identified significant prior art to the '858 Patent, which would invalidate the patent, according to Aircell. As noted above, Aircell, but apparently not defendant Delta, intends to file a request for reexamination with the PTO, and to then file a motion with this Court to stay this litigation. Aircell may also simultaneously file a motion for summary judgment, which motion would be filed prior to its disclosure of its invalidity contentions, prior to close of fact and expert discovery, and prior to claim construction proceedings. In short, based on its unsupported argument that the validity of the '858 Patent is "highly-questionable," Aircell wants to effectively put this entire litigation on hold via either a stay motion or a premature summary judgment procedure. Plaintiff objects to this approach.

Plaintiff has asked counsel to identify the alleged significant item(s) of prior art so plaintiff may assess the impact of the art on this litigation and on the '858 Patent. This approach would also work towards satisfying defendants' stated aim to minimize costs and expenses because it would allow for early case evaluation. Unfortunately, Aircell will not identify the art prior and, thus, plaintiff cannot assess the *bona fides* of Aircell's planned reexamination, its motion to stay, or its summary judgment proposal.

Based on the current information, Plaintiff expects to oppose any motion to stay this litigation and would further oppose Aircell's plan to file a summary judgment motion prior to the completion of discovery. Plaintiff submits that dispositive motions should be presented once, and only once, in this case, and that presentation should occur after discovery and the claim construction processes are complete.

13. <u>Mediation</u>: The parties do not agree to mediation at this time, but will reevaluate their position on this matter during the course of litigation.

14. <u>Trial by Magistrate Judge</u>: The parties do not consent to trial by Magistrate Judge.

15. <u>Settlement</u>: Ambit has presented a written settlement proposal to Delta and to Aircell. Delta and Aircell will be prepared to discuss the settlement proposal with counsel for Ambit at or about the Scheduling Conference on May 4, 2009.

16. <u>Certifications</u>: The parties shall separately file certifications required by Local Rule 16.1(D)(3) prior to the Scheduling Conference.

**JOINT PLAN**

| Plaintiff's Proposed <u>Schedule</u> | Defendants' Proposed <u>Schedule</u> | <u>Event</u> |
|---|---|---|
| May 11, 2009 | May 11, 2009 | <u>Initial Disclosures</u>: The parties shall serve Initial Disclosures under Fed. R. Civ. P. 26(a). |
| May 12, 2009 | June 3, 2009 | <u>Preliminary Infringement Disclosure</u>: Ambit shall serve and file preliminary disclosure of the claims infringed. Ambit shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. Ambit shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If Ambit has not already done so, Ambit shall produce all documents supporting its contentions and/or identify any such supporting documents produced by the accused infringer. Such disclosures may be amended and supplemented up to 30 |

| | | |
|---|---|---|
| | | days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ D(1) or by leave of court, for good cause shown. Ambit may use a table such as that set forth in Local Rule 16.6 Appendix ¶ A(1) for its disclosure. |
| May 15, 2009 | July 1, 2009 | Defendants shall file a motion to stay pending the USPTO's resolution of the reexamination request |
| No Summary Judgment Motion should be permitted at this time | July 1, 2009 | Defendants may file a motion for summary judgment of invalidity |
| June 5, 2009 | July 22, 2009 | Opposition to motion to stay |
| No date should be set | July 22, 2009 | Opposition to motion for summary judgment of invalidity, if filed |
| June 12, 2009 | August 3, 2009 | Reply to motion to stay |
| No date should be set | August 3, 2009 | Reply to motion for summary judgment of invalidity, if filed |
| To be determined by the Court | To be determined by the Court | Hearing on motion to stay and motion for summary judgment of invalidity |
| June 12, 2009 | August 3, 2009 | **Preliminary Invalidity and Non-Infringement Disclosures**: Delta and Aircell shall serve and file Preliminary Invalidity and Non-Infringement Contentions. Delta and Aircell shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, Delta and Aircell shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If Delta and Aircell have not already done so, they shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by Ambit. Further, if Delta and Aircell have not already done so, they shall produce documents sufficient to show operation of the accused |

| | | |
|---|---|---|
| | | product(s) or method(s) that the patentee identified in its preliminary infringement disclosures.<br><br>Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to L.R. 16.6 Appendix ¶ D(l) or by leave of court, for good cause shown, except that, if Ambit amends or supplements its preliminary infringement disclosures, Delta and Aircell may likewise amend or supplement their disclosures within 30 days of service of Ambit's amended or supplemented infringement disclosures. Delta and Aircell may use the charts in L.R. 16.6 Appendix ¶A(2) for their disclosures. |
| July 14, 2009 | ~~December 4, 2009~~ | Claim Construction Proceedings:<br>(1) The parties shall simultaneously exchange a list of claim terms to be construed and their respective proposed constructions. |
| August 4, 2009 | ~~January 11, 2010~~ | (2) No later than 3 weeks after exchanging the list of claim terms, the parties shall simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 25 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes. |
| August 14, 2009 | ~~January 25, 2010~~ | (3) No later than 10 days following exchange and filing of the preliminary claim construction briefs, parties shall simultaneously exchange reply briefs. Absent leave of court, reply briefs shall be limited to 15 pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes. |
| August 21, 2009 | ~~February 8, 2010~~ | (4) No later than [plaintiff proposes 7; defendants propose 15] days following exchange and filing of the reply briefs, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.<br><br>    (a) The joint statement shall note the anticipated |

| | | |
|---|---|---|
| | | length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.<br><br>(b)  The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials 5 days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.<br><br>(c)  The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.<br><br>(d)  The joint statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance. The Parties will attempt, in good faith, to identify no more than ten (10) terms in the '858 Patent that require construction.<br><br>(e)  The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence. The parties may use the form in L.R. 16.6 Appendix ¶B(4)(e). |
| September 2, 2009 | February 1, 2010 | Amendments to the Pleadings: Amendments to the pleadings under Fed. R. Civ. P. 15 and motions for joinder of any additional parties under Fed. R. Civ. P. 19 and 20 are due. |
| September 15, 2009 | February 15, 2010 | Completion of Fact Discovery, except that after a ruling on claim construction, and upon motion or stipulation of the parties, the Court may grant additional time for discovery. Such additional discovery shall be limited to issues of infringement, invalidity, or unenforceability dependent on the claim construction. |
| To be determined by | To be determined by the Court | Claim Construction Hearing (a.k.a. "Markman Hearing"): The court shall schedule a hearing date after |

| | | |
|---|---|---|
| the Court | | the filing of the joint claim construction statement. |
| Within two (2) weeks of the Markman Ruling | Within thirty (30) days of the Markman Ruling | Amendments to Preliminary Disclosures and Expert Reports: If necessary, the parties may amend their preliminary infringement/non-infringement and invalidity disclosures, noting whether any infringement or invalidity contentions are withdrawn. The parties may also supplement their expert reports after issuance of the Markman Ruling as needed. |
| Not necessary | 30 days after Markman Ruling | Settlement conference, to be attended by trial counsel and, in the discretion of the Court, representatives of their clients with authority to approve terms of a settlement. |
| October 16, 2009 | March 15, 2010 | Expert Discovery: Each side discloses expert witnesses on issues for which the party has the burden of proof, and provides reports for its experts in accordance with the Rules of Civil Procedure and the Local Rules of the District Court for the District of Massachusetts. |
| November 5, 2009 | April 12, 2010 | The party that does not have the burden of proof provides opposition expert reports. |
| November 17, 2009 | April 24, 2010 | Rebuttal expert reports, if any, consistent with the Federal and Local Rules. |
| December 5, 2009 | May 17, 2010 | Close of expert discovery |
| December 22, 2009 | May 31, 2010 | Deadline for filing dispositive motions (though parties may file dispositive motions sooner). |
| January 12, 2010 | Three weeks after filing of summary judgment motion | Oppositions to Dispositive Motions |
| January 19, 2010 | Ten days after Opposition | Replies for Dispositive Motions |
| To be determined by the Court | To be determined by the Court | Hearings on Dispositive Motions |
| January 27, 2010 | July 19, 2010 | Parties exchange Rule 26(a)(3) pretrial disclosures |
| February 4, 2010 | August 2, 2010 | Parties confer regarding Rule 26(a)(3) pretrial |

|  |  | disclosures |
|---|---|---|
| ~~February 4, 2010~~ | ~~August 9, 2010~~ | Pretrial Memorandum |
| To be determined by the Court | To be determined by the Court | Final pretrial conference. |
| ~~February 23, 2010~~ | ~~September 6, 2010~~ | Deadline to File Trial Brief |
| ~~March 2010~~ | ~~September 2010~~ | Case set for Running Trial List |

| AMBIT CORPORATION | DELTA AIR LINES, INC. and AIRCELL LLC |
|---|---|
| By its attorneys, | By its attorneys |
| /s/ Brian T. Moriarty | /s/ Thomas D. Rein |
| Brian T. Moriarty (BBO# 665995) | Mark D. Smith (BBO# 542676) |
| brian.moriarty@hbsr.com | smith@laredosmith.com |
| David J. Thibodeau, Jr. (BBO# 547554) | Marc C. Laredo (BBO# 543973) |
| david.thibodeau@hbsr.com | laredo@laredosmith.com |
| David J. Brody (BBO# 058200) | Laredo & Smith, LLP |
| david.brody@hbsr.com | 15 Broad Street, Suite 600 |
| Hamilton, Brook Smith & Reynolds, P.C. | Boston, Massachusetts 02109 |
| 530 Virginia Road | Tel:   (617) 367-7984 |
| P.O. Box 9133 | Fax:   (617) 367-6475 |
| Concord, Massachusetts 01742 | |
| Tel:   (978) 341-0036 | OF COUNSEL: |
| Fax:   (978) 341-0136 | |
| | David T. Pritikin |
| | dpritikin@sidley.com |
| Lee T. Gesmer (BBO# 190260) | Thomas D. Rein |
| lee.gesmer@gesmer.com | trein@sidley.com |
| Joseph J. Laferrera (BBO# ) | Sidley Austin LLP |
| joe.laferrera@gesmer.com | One South Dearborn |
| Gesmer Updegrove, LLP | Chicago, Illinois 60603 |
| 40 Broad Street | Tel:   (312) 853-7000 |
| Boston, Massachusetts 02109 | Fax:   (312) 853-7036 |
| Tel:   (617) 350-6800 | |
| Fax:   (617) 350-6878 | Tung T. Nguyen |
| | tnguyen@sidley.com |
| | Sidley Austin LLP |
| | 717 N. Harwood, Suite 3400 |
| | Dallas, Texas 75201 |
| | Tel:   (214) 981-3300 |
| | Fax:   (214) 981-3400 |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a copy will be sent to David Pritikin via electronic mail on April 27, 2009.

/s/ Rhonda M. Scherer
Rhonda M. Scherer