IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBIT CORPORATION, ) | |
| ) | |
| Plaintiff, ) | C. A. No. 09-10217-WGY |
| ) | |
| v. ) | |
| ) | |
| DELTA AIR LINES, INC. and ) | |
| AIRCELL, LLC ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND PROTECTIVE ORDER

The parties stipulate, subject to approval of the Court, to the following Order regarding protection of confidential information, and the handling of privileged documents and other documents immune from discovery.

## CONFIDENTIAL INFORMATION

The parties agree that this action may involve the production or disclosure of confidential, sensitive or proprietary business information, or trade secrets (collectively referred to as "Confidential Information"), and hereby stipulate, subject to approval of the Court, to the following as a Protective Order which shall govern the production or disclosure of Confidential Information to ensure the continued confidentiality and that no competitive advantage is obtained by any person.

1.  Scope – This Protective Order shall govern the production or disclosure of any record or information designated as Confidential Information and produced by the parties or their agents during the course of discovery, pretrial proceedings, or trial in this suit, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding,

887161_1

interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents or other formal method of discovery. In addition, the parties contemplate that Confidential Information may be produced by a non-party. This Protective Order shall also govern any designated record or information produced in this action pursuant to required disclosures under any federal procedural rule or District of Massachusetts Local Rule, and any supplementary disclosures thereto. This Protective Order shall apply to the two categories of Confidential Information listed below in Paragraph 2.

2.   Designation – In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY.

   a.   "CONFIDENTIAL" means non-public testimony, information, documents, and data that constitute confidential business or technical information.

   b.   "CONFIDENTIAL – ATTORNEY'S EYES ONLY" means non-public testimony, information, documents, and data that constitute confidential business or technical information which is reasonably considered by the parties to be highly sensitive because it contains competitive business information such as customer lists, trade secrets, product design information, pending patent applications, marketing, sales, profits or other financial information, or cost, pricing, or similar information that would create a likelihood of competitive harm if the documents or information were disclosed to the other party without such a designation.

3. <u>Notice and Marking</u> – Any documents, material, or information may be designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by stamping the legend CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY on each page of the documents, material, or information prior to production. Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within thirty (30) days of the receipt of the transcript. The parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL for thirty (30) days after receipt of the transcript, or until written designation of Confidential Information, whichever comes first. Nothing in this provision shall prevent either party from designating information disclosed at a deposition as CONFIDENTIAL – ATTORNEY'S EYES ONLY during the course of the deposition.

4. <u>Related Documents</u> – Documents and information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY shall include:

  a. all copies, extracts and complete or partial summaries prepared from such documents or information;

  b. portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries;

  c. portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries;

  d. designated deposition testimony; and

  e. designated testimony taken at a hearing or other proceeding.

5. <u>Confidentiality of Party's Own Documents</u> – No person may disclose, in public or private, any designated information or documents of another party except as provided for in this

Protective Order, but nothing herein shall limit the right of the designated party to disclose to its officers, directors, employees, consultants, or experts, or to any other person, any information or document designated by it as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

6. **Inadvertent Failure to Designate** – Failure to designate or stamp as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

7. **Objection to Designation** – If a party receiving designated Confidential Information objects to the designation, it shall treat the information as it is designated until the parties resolve the dispute by agreement or by order of the Court. No party shall be obligated to challenge the propriety of any designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. On any motion challenging the designation of any document or other record or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, the burden of justifying the designation shall lie with the designating party. If a party seeks declassification or removal of particular items designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY from this Protective Order on the ground that such confidentiality is not necessary to protect the interest of the party furnishing the document, information, or other thing, the following procedure shall be utilized:

    a. The party seeking such declassification or removal shall give counsel for the other party written notice thereof by hand, facsimile, or electronic

    mail, specifying the document, information or other thing as to which such removal is sought and the reasons for the request;

   b.   If, after conferring, the parties cannot reach agreement concerning the matter within five (5) business days after the delivery of the notice, then the party requesting the declassification or removal of particular items designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY from this Protective Order may file and serve a motion for a further Order of this Court directing that the document, information or other thing shall be declassified or removed.

8.   <u>Use of Confidential Information</u> – All Confidential Information as defined herein shall be used for the purpose of this action and shall not be used for any other purpose.

   a.   Confidential Information that has been designated CONFIDENTIAL shall be disclosed only to:

      i.   The attorneys of record in this action and their respective law firm's and law firm employees, and other outside counsel for the parties, and their employees or contractors (such as photocopy services) who are assisting them in this action, provided that each such outside counsel whose firm is not of record in this action is first disclosed to the other party by virtue of providing a copy of the "Acknowledgement" in the form attached, executed by such outside counsel (counsel for the party providing discovery shall have five (5) business days from receipt of such notice to object to disclosure to any potential additional outside counsel firm so identified if a reasonable basis for such objection exists). No

      CONFIDENTIAL information may be disclosed to an attorney who after the date that any CONFIDENTIAL information is produced by a party in this action, is or becomes an attorney of record at the United States Patent and Trademark Office with respect to the patent-in-suit or other patents or patent applications in the same family as the patent-in-suit or to an attorney, or any other employee or member of that attorney's firm, or who is attorney of record in the re-examination of the patent-in-suit or other patents or patent applications in the same family as the patent-in-suit;

ii.    Outside experts and consultants, together with their clerical and support personnel, who have been retained by the party or its attorneys for this action and have been disclosed pursuant to Paragraph 10 below, provided that each such outside expert and consultant first executes an "Acknowledgement" in the form attached;

iii.    Officers, directors, or employees of the parties who require the information to assist in or evaluate this action, provided that each such person first is advised by counsel for the respective party of the provisions of the Order and they agree to be bound thereby and not copy or use any Confidential Information for any purpose other than in connection with the instant action or reveal any Confidential Information to any person not authorized by this Order;

- 7 -

    iv.    The Court and persons associated with or employed by the Court whose duties require access to the information;

    v.    The author of the document and any person identified as a recipient of the document on its face;

    vi.    The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

    vii.    Graphics, design services, document processing or copying vendors, or jury consultants retained by the parties or counsel, provided that each such person first is advised by counsel for the respective party of the provisions of the Order and they agree to be bound thereby and not copy or use any Confidential Information for any purpose other than in connection with the instant action or reveal any Confidential Information to any person not authorized by this Order.

b.    Confidential Information that has been designated CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be disclosed only to persons listed above in items 8(a)(i), 8(a)(ii) and 8(a)(iv) through 8(a)(vii):

c.    Information designated CONFIDENTIAL – ATTORNEY'S EYES ONLY relating to any party's systems or products may be disclosed only to outside attorneys and outside experts not involved in the prosecution of patents for the opposing party and to all persons listed above in items 8(a)(iv) to 8(a)(vii).

9. <u>Advice of Counsel</u> – Nothing in this Protective Order shall prevent or restrict attorneys of record in this action from rendering advice to their clients based on Confidential Information that has been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. However, in rendering such advice and otherwise communicating with clients, attorneys of record shall not make specific disclosure of such Confidential Information or items contained therein.

10. <u>Disclosure to Experts</u> – If any party desires to give, show, make available, or communicate documents or information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY to any outside expert or consultant pursuant to Paragraphs 8(a)(ii) or 8(b)(ii) above, it must first identify in writing the expert or consultant to whom it intends to give or disclose such documents or information to the attorneys for the other parties.. Such identification and notice shall include, at least, the full name and professional address and/or affiliation of the proposed expert or consultant, and a current curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant. Counsel for the party providing discovery shall have five (5) business days from receipt of such notice to object to disclosure to any of the experts and consultants so identified if a reasonable basis for such objection exists. If a notice of objection is served, the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information will not be disclosed to such outside expert or consultant. the parties shall attempt to resolve any objections informally. Within ten (10) days after service of an objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY information to the expert or consultant, the objecting party may move the Court for an order denying disclosure of any CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY information to the outside expert or consultant as to which a notice of objection

has been served. The party objecting to disclosure shall bear the burden of proving that the disclosure is inappropriate. If the objecting party files this motion, the CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY information shall not be disclosed to the expert or consultant until the Court rules or the parties agree that such disclosure may be made. Failure to file such a motion shall operate as a waiver of this objection.

11. <u>Confidential Information from a Non-Party</u> – If any non-party is to produce any documents or information to parties in this action that the non-party reasonably believes contains Confidential Information, then the non-party shall have the same rights and responsibilities as the parties to designate documents and information as Confidential Information under this Protective Order.

12. <u>Obligations of Parties</u> – Each of the parties named above and their counsel of record undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

13. <u>Termination of Litigation</u> - Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall (i) destroy or assemble and return to the producing party all Confidential Information, and (ii) shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information; except that Counsel may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information which materials will otherwise remain subject to this Protective Order.

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

14. <u>Additional Protection</u> – Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder, provided that the party first consults with counsel for the opposing party to attempt to reach agreement on the restrictions on use and disclosure that should apply to such documents, information, or material.

15. <u>Inadvertent Production</u> – The inadvertent or unintentional production of documents containing, or other disclosure of, any privileged information or trial preparation material shall not be deemed a waiver in whole or in party of a party's claim of privilege or work product, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided, however, that the disclosing party promptly upon discovery of the inadvertent or unintentional disclosure notifies the other party thereof and requests return of the inadvertently produced privileged or work product material. In that event, the other party shall return to the disclosing party any privileged or work product material that was inadvertently disclosed and shall also destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that if the receiving party disagrees that the information is protected from disclosure by the attorney-client privilege, work product immunity or other privilege or immunity from discovery, it may move the Court for an order that such information be produced, and may retain

copies of the information, and any notes and summaries relating thereto, pending resolution of its motion. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

16.  <u>Expert Communications and Work Product</u> – Drafts of expert reports will be treated as work product that are immune to discovery in this action. Communications between experts, the party hiring the expert, and counsel for the party hiring the expert that are related to drafts and/or revisions of expert reports will also be treated as work product that are immune to discovery in this action, however such protection does not extend to copies of references or documents that might be provided by or to such expert, whether or not such information is eventually included or not in the expert's report.

So Stipulated and Agreed

/s/ Brian T. Moriarty
Brian T. Moriarty (BBO# 665995)
brian.moriarty@hbsr.com
David J. Thibodeau, Jr. (BBO# 547554)
david.thibodeau@hbsr.com
David J. Brody (BBO# 058200)
david.brody@hbsr.com
Hamilton, Brook Smith & Reynolds, P.C.
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742
Tel:   (978) 341-0036
Fax:   (978) 341-0136


Lee T. Gesmer (BBO# 190260)
lee.gesmer@gesmer.com
Joseph J. Laferrera (BBO# )
joe.laferrera@gesmer.com
Gesmer Updegrove, LLP
40 Broad Street
Boston, Massachusetts 02109
Tel:   (617) 350-6800

/s/ Thomas D. Rein
Mark D. Smith (BBO# 542676)
smith@laredosmith.com
Marc C. Laredo (BBO# 543973)
laredo@laredosmith.com
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, Massachusetts 02109
Tel:   (617) 367-7984
Fax:   (617) 367-6475

OF COUNSEL:

David T. Pritikin
dpritikin@sidley.com
Thomas D. Rein
trein@sidley.com
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
Tel:   (312) 853-7000
Fax:   (312) 853-7036

- 12 -

Fax:   (617) 350-6878

Tung T. Nguyen
tnguyen@sidley.com
Sidley Austin LLP
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel:   (214) 981-3300
Fax:   (214) 981-3400

Dated:  May 1, 2009

**IT IS ORDERED** that the Protective Order agreed to by the parties shall govern the disclosure and use of Confidential Information in this action, whether designated before or after the date of this Order.

Dated: _May 4_, 2009

_____
UNITED STATES DISTRICT COURT JUDGE