IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBIT CORPORATION, </br></br>    Plaintiff, </br></br> v. </br></br> DELTA AIR LINES, INC. and AIRCELL LLC, </br></br>    Defendants. | C. A. No. 09-10217-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR AN EXPEDITED BRIEFING SCHEDULE**

Plaintiff Ambit Corporation respectfully opposes defendants' request that the Court expedite the Briefing Schedule on defendants' Motion to Compel Answers to Interrogatory No. 10. The motion was filed near the close of business on August 11, 2009. Defendants have asked the Court to compel Ambit to respond by August 13, 2009, and to provide the requested discovery by August 19, 2009.

There is no basis for defendants to require a response to their motion in two business days. Defendants have presented no valid reason why Ambit should not be allowed the period of time permitted by Local Rule 7.1(b)(2). The motion <u>to expedite</u> should be denied.

The merits of defendants' motion will be addressed in a separate opposition.

**Grounds For Opposition To "Expedited" Briefing Schedule**

**1.     The Markman Briefs Do Not Rely On Prior Art**

Defendants assert that they need a response to Interrogatory No. 10 in order to address

1

485586.1

prior art before filing the joint claim construction and prehearing statement ("joint statement") due on August 21, 2009. However, the parties simultaneously filed initial claim construction briefs on August 4, 2009, and are scheduled to file simultaneous reply briefs on August 14, 2009, regardless of the outcome of this motion. Neither party introduced prior art in its initial brief.

Given the intensive focus the parties have invested in claim construction it is difficult to see how prior art could be expected to play any role in the joint statement the parties will file on August 21. In fact, it is unlikely, bordering on impossible, that disclosure on August 19 will have any impact on the joint statement the parties must file only two days later. If prior art is to be the subject of discussion between the parties as they prepare the joint statement, it should have been raised and briefed as part of the claim construction process, which it was not.

**2.    Defendants Delay in Filing This Motion Should Preclude Expedited Briefing**

The defendants have asked the Court to order Ambit to file its opposition to the substantive issues in their motion by Thursday, August 13, and that Ambit be ordered to produce the requested discovery by August 19, 2009 (assuming that the Court allows defendants' motion), two days before the joint statement is due.

This request is the opposite of "hurry up and wait" since defendants have known about this issue for more than six weeks, but have waited until the last minute to file their motion. As defendants' memorandum describes, defendants' counsel wrote to plaintiff's counsel regarding this discovery issue on July 1, 2009, and counsel conferred on July 9 and July 13, 2009. The July 31, 2009 letter from defendants' counsel describes this history in detail, and shows that the issue raised in defendants' motion was "ripe" for hearing on July 27, 2009, the date defendants received Ambit's "supplemental" response to Interrogatory No. 10. It is clear from the July 31 letter that defendants should have moved to compel immediately following their receipt of the

2

supplemental response on July 27, rather than waiting until August 10.

In other words, defendants are guilty of "wait and hurry up." If they needed this discovery before the joint statement was filed, as they allege in their motion, they should have sought relief immediately after receiving the Ambit's supplemental response. Doing so would have given Ambit sufficient time to respond, and the Court sufficient time to act on this non-trivial motion. By waiting until almost literally the last minute, defendants have prejudiced their right to demand that Ambit respond in this manner.

**3.     The Motion to Compel is Not Routine, and Ambit Should be Given Sufficient Time to Respond**

Local Rule 7.1(b)(2) allows 14 days for a party to respond to a motion. This is the rule that applies for <u>all</u> motions, from the most routine discovery motion to the most demanding summary judgment motion. The motion filed by defendants is not run-of-the-mill, as shown by Ambit's counsel's August 7, 2009 letter to defendants' counsel (Exhibit 7 to defendants' motion), which raises a number of substantive objections to defendants' discovery demand, including issues of attorney-client privilege, the scope of the interrogatory and whether the information defendants seek should be provided in expert reports that are due at a later date. Most importantly, the discovery request at issue asks Ambit to address a "negative" (specifically, defendants asked Ambit to describe the factual basis for Ambit's claim that the patent is not invalid), an unusual discovery request, to say the least. While Ambit will address the substantive issue in this motion at a later date, it wishes only to point out that defendants' motion is not routine, and that Ambit should be permitted sufficient time to respond.

This is particularly true given the fact that Brian Moriarty, the attorney for Ambit who has been responsible for addressing this issue with defendants (as shown in the correspondence filed with the motion), is in Mumbai, India on business this week, and is not expected back in

Massachusetts until next week. The Local Rule implicitly recognizes that attorneys may have more than one case, may be unavailable based on work commitments and personal demands, and that they may not be able to respond to a motion in two days. Attorney Moriarty's travel to India is a clear example of why this Local Rule is necessary and why expedited briefing is not appropriate in this case.

## Conclusion

Defendants' request for expedited briefing should be denied.

485586.1

| | |
|---|---|
| August 12, 2009 | Respectfully Submitted, |
| | |
| | GESMER UPDEGROVE, LLP |

/s/  Lee T. Gesmer
Lee T. Gesmer (BBO# 190260)
lee.gesmer@gesmer.com
Joseph J. Laferrrera (BBO# 564572)
joe.laferrrera@gesmer.com
40 Broad Street
Boston, Massachusetts  02109
Telephone:     (617) 350-6800
Facsimile:      (617) 350-6878

HAMILTON, BROOK, SMITH & REYNOLDS, P.C
Brian T. Moriarty (BBO# 665995)
brian.moriarty@hbsr.com
David J. Thibodeau, Jr. (BBO# 547554)
david.thibodeau@hbsr.com
David J. Brody (BBO# 058200)
david.brody@hbsr.com
Benjamin P. Hurwitz (BBO# 666337)
benjamin.hurwitz@hbsr.com
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

*Attorneys for Plaintiff*

**Certificate of Service**

      I hereby certify that on August 12, 2009, I electronically filed the foregoing with the Clerk for the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ Lee T. Gesmer
      Lee T. Gesmer

485586.1