IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


AMBIT CORPORATION,          )
                                    )
          Plaintiff,     )    C. A. No. 09-10217-WGY
                                    )
    v.              )
                                    )
DELTA AIR LINES, INC. and    )
AIRCELL LLC,         )
                                    )
          Defendants.

**PLAINTIFF'S MOTION TO FILE A MOTION ON THE PUBLIC DOCKET CONTAINING NOMINALLY CONFIDENTIAL INFORMATION OR IN THE ALTERNATIVE TO IMPOUND DOCUMENTS UNDER LOCAL RULE 7.2**

Plaintiff AMBIT Corporation ("AMBIT") submits this motion concurrently with its Motion to Compel Discovery, in which AMBIT submits into evidence documents and deposition testimony that Defendants Aircell LLC ("Aircell") and Delta Airlines, Inc.'s ("Delta") have designated as "Confidential" or "Confidential - Attorney's Eyes Only" under the protective order.  (D.I. #32).  AMBIT does not believe that this information warrants confidential treatment by the Court and hereby requests permission to file an unredacted version of its motion papers on the public docket.  AMBIT has filed a redacted Motion to Compel Discovery and a redacted Declaration of Benjamin P. Hurwitz (the "Hurwitz declaration") on the public record and sent an unredacted courtesy copy to the Court and to opposing counsel.

On October 2, 2009, AMBIT identified to the Defendants 35 pages of deposition testimony and 13 documents that it intended to file with the Court.  Copies of these allegedly confidential documents are attached to the courtesy copy of the Motion to Compel Discovery that AMBIT has sent to the Court.  The documents include, *inter alia*, anticipated installation

schedules for the Gogo® system on airlines other than Delta, anticipated dates for Federal

Aviation Administration authorization, and limited financial data.  Although Plaintiff requested

that Defendants provide a justification for maintaining the confidentiality of this information,

including providing a particularized factual showing, Defendants have adamantly refused to

provide any justification or to cooperate with Plaintiff during an email exchange on October 5,

2009, going so far as to claim that it was too burdensome to review this scant bit of information.

In the alternative, if the Court finds that the information warrants confidential treatment, AMBIT

requests that the Court view this as a Motion to File Under Seal, per Local Rule 7.2, those

documents deemed Confidential.

Aircell's maintenance of the Confidentiality designation is an improper attempt to

prevent AMBIT from presenting the full factual justification for its Motion to Compel Discovery

to the Court.  Under Rule 26(b), AMBIT has the right "to obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense."  In addition to having a

right to the information it seeks, AMBIT also has the right to seek an order compelling discovery

from the Court under Fed. R. Civ. P. 37(a).  The Court needs to evaluate the factual basis for

AMBIT's Motion to Compel Discovery, and the only way it can do so is by comparing the scope

of AMBIT's discovery requests with the representative disclosure Aircell has provided.

Designating AMBIT's supporting evidence as Confidential is an improper attempt to frustrate

AMBIT's discovery by preventing the Court from evaluating the factual bases for AMBIT's

Motion, and Defendants' refusal to provide any factual bases for its insistence of a Confidential

designation strongly suggests that there is no such basis.

Under paragraph 7 of the Protective Order, the parties shall treat information designated

as Confidential "until the parties resolve the dispute by agreement or by order of the Court."

"The burden of justifying the designation shall lie with the designating party," which in this case is Aircell.  If the parties are unable to reach an agreement, "the party requesting declassification … may file and serve a motion for a further Order of this Court directing that the document, information or other thing shall be declassified or removed."  Under paragraph 5 of the scheduling order (D.I. #31), "nothing shall be filed with the Court under seal absent a motion to seal for good cause."

Since Plaintiff does not believe there is good cause to seal the information, Plaintiff requests permission to file on the public docket the unredacted Motion to Compel Discovery and supporting Declaration of Benjamin P. Hurwitz, Esq.  In the alternative, Plaintiff requests that the Court permit it to file the confidential information under seal.

October 5, 2009        Respectfully submitted,

                                        AMBIT CORPORATION

                                        By its attorneys,

                                        /s/ Brian T. Moriarty
                                        Brian T. Moriarty (BBO# 665995)
                                        brian.moriarty@hbsr.com
                                        David J. Thibodeau, Jr. (BBO# 547554)
                                        david.thibodeau@hbsr.com
                                        David J. Brody (BBO# 058200)
                                        david.brody@hbsr.com
                                        Hamilton, Brook, Smith & Reynolds, P.C.
                                        530 Virginia Road
                                        P.O. Box 9133
                                        Concord, Massachusetts 01742-9133
                                        Telephone:  (978) 341-0036
                                        Facsimile:   (978) 341-0136

                                        Lee T. Gesmer (BBO# 190260)
                                        lee.gesmer@gesmer.com
                                        Joseph J. Laferrrera (BBO# 564572)
                                        joe.laferrrera@gesmer.com
                                        Gesmer Updegrove, LLP
                                        40 Broad Street
                                        Boston, Massachusetts  02109
                                        Telephone:    (617) 350-6800
                                        Facsimile:     (617) 350-6878

                                        *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2009, a true and complete copy of the foregoing

document was served upon the below-named counsel of record at the following addresses and in

the manner indicated:


| | |
|---|---|
| Thomas D. Rein, Esq. | **VIA ECF** |
| David T. Pritikin, Esq. | **VIA ELECTRONIC MAIL** |
| Stephanie P. Koh | **VIA ECF** |
| SIDLEY AUSTIN LLP | |
| One South Dearborn | |
| Chicago, IL  60603 | |
|     trein@sidley.com | |
|     dpritikin@sidley.com | |
|     skoh@sidley.com | |
| | |
| Tung T. Nguyen, Esq. | **VIA ECF** |
| SIDLEY AUSTIN LLP | |
| 717 N. Harwood, Suite 3400 | |
| Dallas, TX  75201 | |
|     tnguyen@sidley.com | |
| | |
| Mark D. Smith, Esq. | **VIA ECF** |
| Marc C. Laredo, Esq. | **VIA ECF** |
| LAREDO & SMITH LLP | |
| 15 Broad Street | |
| Suite 600 | |
| Boston, MA  02109 | |
|     smith@laredosmith.com | |
|     laredo@laredosmith.com | |

/s/ Rhonda M. Scherer
Rhonda M. Scherer

927602_1