IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMBIT CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., AND<br>AIRCELL LLC,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 1:09-CV-10217-WGY<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S CONSTRUCTION OF "FIRST RF ANTENNA"

Defendants Delta Air Lines, Inc. ("Delta") and Aircell LLC ("Aircell") (collectively "Defendants") respectfully request that the Court reconsider its claim construction order of January 4, 2010, Docket Number 118 ("January 4 Order"). The Court's January 4 Order includes two different constructions of the term "first RF antenna" in the claims of U.S. Patent No. 7,400,858 ("the '858 patent"), one construction for claim 1 and a different construction for claims 10 and 14.[1] Because neither party contended that "first RF antenna" has a different meaning in different claims, Defendants did not bring to the Court's attention Federal Circuit law applying a "presumption that the same terms appearing in different portions of the claims should be given the same meaning...." *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1366 (Fed. Cir. 2007). In addition, as explained in more detail below, the different constructions of "first RF antenna" in

---

[1] The Court provided a different construction for the "first RF antenna" in claim 1 and the "first RF antenna" in claims 10 and 14. No construction was provided for the "first RF antenna" in claims 7 and 13, which, like claim 1, are independent claims containing the term "first RF antenna." In providing its construction for claims 10 and 14, it is unclear whether the Court had in mind claims 7 and 13 instead. The term "first RF antenna" does not appear in the additional limitations of dependent claims 10 and 14, but rather are present in those claims by virtue of their incorporation of independent claims 7 and 13, which themselves include the term "first RF antenna."

the Court's January 4 Order require clarification because they: (1) do not address the meaning of "first RF antenna" in other asserted patent claims and (2) lack sufficient detail to resolve the parties' dispute over what it means to be in "effective proximity" or "close proximity."

## I. THE COURT SHOULD RECONSIDER ITS DIFFERING CONSTRUCTIONS OF "FIRST RF ANTENNA."

The Court "has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (citations omitted). Reconsideration is appropriate where there is "a clear error of law in the first order." *Id.*

Here, the Court's January 4 Order includes one construction of "first RF antenna" for claim 1 of the '858 patent and a different construction for claims 10 and 14. Specifically, the January 4 Order provides that with respect to claim 1, the "first RF antenna" must be "located in effective proximity to the radiative RF antenna associated with personal communication device(s)," and that with respect to claims 10 and 14, the "first RF antenna" must be "located in close proximity to the radiative RF antenna associated with personal communication device(s)." Dkt. 118 at 1 (emphasis added). No construction is provided for the "first RF antenna" in other asserted claims, including independent claims 7 and 13.

The Federal Circuit has emphasized that there is a "presumption that the same terms appearing in different portions of the claims should be given the same meaning unless it is clear from the specification and prosecution history that the terms have different meanings at different portions of the claims." *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1366 (Fed. Cir. 2007). Here, there is no indication in the specification or prosecution history of the '858 patent that "first RF antenna" has different meanings in different claims. Indeed, there is no mention at all of the term "first RF antenna" in the specification of the '858 patent, and the prosecution history does not define "first RF antenna," much less define it differently in different contexts. *See, generally*, '858 patent, Dkt. No. 112 at Ex. 1; the '858 patent's prosecution history, Dkt. No. 44 at Ex. B.

Moreover, as discussed in more detail below, there will inevitably be disputes between the parties on the meaning or intent of the Court's new claim construction of "first RF antenna." Such disputes should not be argued by the experts at trial and resolved by the jury; they should be resolved by the Court as a matter of law. *See O2 Micro Int'l Ltd. V. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of [asserted] claims, the court, not the jury, must resolve that dispute."). Defendants therefore respectfully request that the Court reconsider and clarify its constructions of "first RF antenna" as set forth in its January 4 Order.

## II. THE COURT IS CORRECT TO DEFINE THE POSITIONAL RELATIONSHIP BETWEEN THE "FIRST RF ANTENNA" AND THE ANTENNA OF THE PERSONAL COMMUNICATION DEVICE.

The Court is correct that it is important here to define the positional relationship between the "first RF antenna" and the antenna of the personal communication device in the '858 patent's claims. The parties agree that this positioning is critical to the invention. *Markman* Evidentiary Hearing Tr. at 24:18-25, Hankinson Decl. at Ex. 1.[2] After all, as discussed at length at the *Markman* hearings, the specification is explicit that the "present invention" of the '858 patent "comprises . . . a juxtaposed pick-up probe." '858 patent, 1:62-2:2; *see also* Dkt. No. 41 at 9-11; Dkt. No. 56 at 11-12; Dkt. No. 62 at 6 n.3.[3] The Court's claim construction should therefore reflect this concept, however it is best formulated. As the Federal Circuit has made clear, "the characterization of [a particular configuration] as part of the 'present invention' is strong evidence that the claims should not be read to encompass the opposite structure." *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1343 (Fed. Cir. 2001); *see also Edwards Lifesciences LLC v. Cook Inc.*, 582 F.3d 1322, 1328-30 (Fed. Cir. 2009) (holding that the

---

[2] References to "Hankinson Decl." are to the Declaration of Thomas F. Hankinson in Support of Defendants' Motion for Reconsideration of the Court's Construction of "First RF Antenna," submitted concurrently herewith.

[3] The parties agree that the specification never describes anything other than this "pick-up probe" that could serve as the "first RF antenna" required by the claims. *See* Dkt. No. 43 (Pls.' Prelim. *Markman* Br.) at 13 ("The pickup probe shown and described in the specification thus serves as the claimed first antenna.")

3

claimed "grafts" were limited to "intraluminal grafts" because "the specification frequently describe[d] an 'intraluminal graft' as 'the present invention' or 'this invention,' indicating an intent to limit the invention to intraluminal devices"); *Lydall Thermal/Acoustical, Inc. v. Federal-Mogul Corp.*, No. 2009-1135, 2009 WL 2893190, at *5 (Fed. Cir. Sept. 8, 2009) (unpublished) (holding that "Lydall's consistent description of 'the present invention' as including a three-layered batt makes clear that the claimed 'fibrous batt of fibers' must have three layers" and explaining that "[a]lthough Lydall [was] correct in saying that the claim language . . . does not, in isolation, suggest a layered batt, Lydall's arguments completely ignore the consistent use of the term 'batt' in the specification").

Moreover, as discussed in Defendants' December 22, 2009 summary judgment motion at Section IV, if the claims are construed so as not to encompass the "juxtaposed" or "near field" concepts, they are invalid for violating the written description requirement and for obviousness. *See* Dkt. 111 at 11-17. Claims should be construed to be valid, if at all possible. *Wang Labs. Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1382-83 (Fed. Cir. 1999) ("[C]laims are not properly construed to have a meaning or scope that would lead to their invalidity for failure to satisfy the requirements of patentability."). For all these reasons, the Court should construe the claims so as to clearly define the location of the "first RF antenna" relative to the antenna of the personal communication device.

### III. THE COURT SHOULD CLARIFY ITS CONSTRUCTION TO RESOLVE THE PARTIES' DISPUTE ABOUT THE SCOPE OF THE "FIRST RF ANTENNA" CLAIM LIMITATION.

In trying to define the relationship of the "first RF antenna" to the antenna of the personal communication device, the Court and the parties have struggled with how best to express it. Should the relationship be defined functionally or physically? And, in either case, how should the resulting construction be best formulated to avoid jury confusion? It appears that in the January 4 Order, the Court is attempting to define the location of the "first RF antenna"

4

functionally with respect to claim 1 (by describing it as "effectively proximate") and physically with respect to claims 10 and 14 (by describing it as "closely proximate"). In light of the presumption that a term has the same meaning across all the claims of a patent, however, Defendants respectfully suggest that the Court choose one consistent construction.

Further, the January 4 Order's constructions are not concrete enough to resolve the parties' claim construction dispute -- at least not without additional clarification. Regarding the functional description of the location of the "first RF antenna" for claim 1, the Court's use of the phrase "effectively proximate" leaves open the question "effective for what?" Plaintiff has argued that the first RF antenna and the personal communication device need only be close enough to permit RF communication. But Defendants have contended that the first RF antenna must be close enough to the antenna on the personal communication device to be effective in achieving the stated objects of the alleged invention -- minimizing the allegedly harmful effects of radiation and minimizing interference with other electrical equipment. '858 patent, Dkt. 112 at Ex. 1, at 1:22-26 (describing "[e]xtraneous radio frequency emission" as "a serious concern of hand-held electronic communication devices" and "a potential carcinogen"); at 1:43-46 (stating that an object of the invention is to permit communication "without interfering with other electrical equipment"); at 1:47-48 (stating that it is an object of the invention to "minimize any radiation from…a portable device"); and at 5:41-45 (stating that the alleged invention is "a unique system for minimizing the detrimental effects of radiation from common portable communication devices to their users, while improving the transmission capabilities and customer usage of such devices"). To resolve this dispute about claim scope, Defendants respectfully suggest the following modification to the Court's construction: "The first RF antenna of the claimed system, which is located close enough to the antenna associated with personal

5

communication device(s) to effectively minimize exposure to stray radiation, and is distinct from the second radiative RF antenna of the claimed system."[4]

If the Court prefers to describe the positioning of the "first RF antenna" physically rather than functionally, then the Court should reconsider or clarify its construction to resolve the parties' dispute about how close is close enough. The January 4 Order's construction, which describes the location of the "first RF antenna" as "closely proximate," would inappropriately leave this question open to expert argument and jury interpretation. In discussing the meaning of "juxtaposed," Plaintiff's expert has indicated that he defines "close together" in a way that would give the Court's construction "closely proximate" virtually no meaning. *See* Brown Dep., Dkt. No. 112 at Ex. 3, at 122:6-123:16 (testifying that a personal communication device may be "close" to the accused Gogo® system's "CWAP" antenna as long as it is closer to the "CWAP" antenna than to the distant communication system, which is at least thousands of feet away).[5] In contrast, Defendants believe that the specification's use of the word "juxtaposed" requires the antennas to be close enough to be effectively "side by side," which is the plain meaning of "juxtaposed." *See* Dkt. No. 45, Brown Claim Construction Decl. ¶ 42 ("Webster's New World Dictionary defines 'juxtapose' as 'to put side by side; to place close together.'"); *American Heritage College Dictionary* 753 (4th ed. 2002), Dkt. No. 112 at Ex. 14 ("juxtapose" means "place side by side").[6] This dispute should not be left to the jury, and Defendants respectfully submit the following modification, if the Court believes that the location of the "first RF antenna" should be described physically rather than functionally: "The first RF antenna of the

---

[4] Alternatively, the Court's initial construction, which required the "first RF antenna" to be in the near field with respect to the antenna of the personal communication device, would also define the antenna's location in a way that would resolve the parties' dispute as to the scope of the claims and would be in keeping with the scope of the invention described in the specification.
[5] References to "Brown Dep." are to the December 1, 2009 deposition of Donald Richard Brown, III, Ph.D.
[6] This is also the physical distance that would allow the alleged invention to achieve its stated object of minimizing stray radiation. *Markman* Evidentiary Hearing Tr. at 43:16-44:20 and at 47:18-48:10, Hankinson Decl. at Ex. 1.

claimed system, which is located side by side with the antenna associated with personal communication device(s), and is distinct from the second radiative RF antenna of the claimed system."

As noted above, it is contrary to Federal Circuit law for a claim construction to fail to resolve a dispute about claim scope and thus invite expert argument and jury decision on the scope of a patent's claims. *See O2 Micro*, 521 F.3d at 1360-62 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of [asserted] claims, the court, not the jury, must resolve that dispute….[T]he parties' arguments regarding the meaning and legal significance of the [disputed phrase] were improperly submitted to the jury."). Reconsideration and clarification is therefore respectfully requested.

## IV.  CONCLUSION

For the foregoing reasons, the Court should reconsider and/or clarify its January 4 Order construing "first RF antenna," and should apply a single construction of "first RF antenna" consistently for all of the '858 patent's claims. Defendants respectfully submit that the most appropriate construction is: "The first RF antenna of the claimed system, which is located side by side with the antenna associated with personal communication device(s), and is distinct from the second radiative RF antenna of the claimed system." This is because, as discussed above, the "first RF antenna" must be the "juxtaposed probe" of the specification, and "side by side" is the plain meaning of "juxtaposed."

Alternatively, if the Court considers it more appropriate to define the relative positioning of the antennas functionally, it should adopt one of the following constructions: (a) "The first RF antenna of the claimed system, which is located close enough to the antenna associated with personal communication device(s) to effectively minimize exposure to stray radiation, and is distinct from the second radiative RF antenna of the claimed system;" or (b) the Court's initial claim construction of "first RF antenna" given during the initial *Markman* hearing. Either of

these constructions would appropriately define the location of the "first RF antenna" in a way that specifically resolves the parties' claim construction dispute and that can be applied consistently across all claims.

Dated:  January 8, 2010

OF COUNSEL:

David T. Pritikin
Email:  dpritikin@sidley.com
Thomas D. Rein
Email: trein@sidley.com
Stephanie P. Koh
Email: skoh@sidley.com
Thomas F. Hankinson
Email: thankinson@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL  60603
Tel: 312-853-7000
Fax: 312-853-7036

Tung T. Nguyen
Email: tnguyen@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: 214-981-3300
Fax: 214-981-3400

/s/ Marc C. Laredo
Marc C. Laredo, BBO#543973
Email: laredo@laredosmith.com
Mark D. Smith, BBO#542676
Email: smith@laredosmith.com
**LAREDO & SMITH, LLP**
15 Broad Street, Suite 600
Boston, MA  02109
Tel: 617-367-7984
Fax: 617-367-6475

**ATTORNEYS FOR DEFENDANTS DELTA AIR LINES, INC. AND AIRCELL LLC**

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

January 8, 2010

/s/ Marc C. Laredo
Marc C. Laredo BBO#543973
Email: laredo@laredosmith.com
LAREDO & SMITH, LLP
15 Broad Street, Suite 600
Boston, MA  02109
Tel: 617-367-7984
Fax: 617-367-6475