IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AMBIT CORPORATION,              )
                                )
            Plaintiff,           )
                                )   C. A. No. 09-10217-WGY
       v.                       )
                                )
DELTA AIR LINES, INC. and       )
AIRCELL LLC,                    )
                                )
            Defendants.         )

**PLAINTIFF'S INVITED MEMORANDUM ON THE QUESTION OF WHETHER THE COURT SHOULD *SUA SPONTE* GRANT SUMMARY JUDGMENT AGAINST DEFENDANTS ON THE GROUND OF INVALIDITY UNDER 35 U.S.C. § 103**

**I.     INTRODUCTION**

On January 22, 2010, the Court entered an Order denying Defendants' motion that Plaintiff's Patent (U.S. Patent No. 7,400,858) (the '858 Patent) is invalid as obvious under 35 U.S.C. § 103. The Court stated that it "is considering granting summary judgment on this question against Delta[1]" under Rule 56 of the Federal Rules of Civil Procedure and under *Berkovitz v. Home Box Office, Inc.*, 89 F.3d 24, 29 (1st Cir. 1996). Summary judgment against Defendants is justified here because the parties have engaged in a period of vigorous fact and expert discovery and Defendants have had a full and fair opportunity to identify prior art to use to attempt to invalidate the '858 Patent. So armed, Defendants then purportedly put forward to the Court their best evidence to show that the '858 Patent claims are invalid. That effort failed, and further showed that Defendants lack any evidence to support a claim of invalidity under 35

---

[1] The Court's Order refers to "Delta's Motion" for summary judgment. AMBIT respectfully notes that both Defendants, Aircell LLC and Delta Air Lines, Inc., moved for summary judgment. Thus, summary judgment should be considered with respect to both Aircell and Delta.

U.S.C. § 103. Thus, there is no need for trial on this issue and summary judgment on this issue should be granted in Plaintiff's favor. Moreover, the time to present its best evidence was when it chose to file its summary judgment motion. Defendants should not be heard to say now – as they have indicated they will say – that that they have other evidence that was available to them, but which they chose to not use. As the Court indicated in its recent Order on January 22, 2010, piece-meal litigation tactics are unacceptable at all stages in a litigation, including the summary judgment stage.

II.  *SUA SPONTE* **SUMMARY JUDGMENT IS AVAILABLE BECAUSE DISCOVERY IS SUFFICIENTLY ADVANCED AND DEFENDANTS HAVE HAD A SUFFICIENT OPPORTUNITY TO PUT FORTH THEIR BEST CASE**

The law in this circuit is well established: a party that moves for summary judgment runs the risk that if it makes a woefully inadequate showing, not only might its own motion for summary judgment be denied, the court may *sua sponte* order summary judgment against the movant. *See Berkovitz et al. v. Home Box Office, Inc. et al.*, 89 F.3d 24, 29-30 (1st Cir. 1996). *See also Sanchez, et al. v. Triple-S Management Corp.*, 492 F.3d 1, 7-9 (1st Cir. 2007). However, before considering granting *sua sponte* summary judgment, certain conditions must be met. Specifically, to "ensure the targeted party has an adequate opportunity to dodge the bullet," the Court may only enter summary judgment *sua sponte* if: (1) fact discovery is sufficiently advanced such that the parties enjoyed a reasonable opportunity to glean the material facts; and (2) the targeted party has appropriate notice and a chance to present its evidence on the essential elements of the claim. *Berkovitz*, 89 F.3d at 29.

  1.  **Defendants Had Almost One Year To Identify Prior Art Against The '858 Patent**

Fact discovery is sufficiently advanced if "the parties have enjoyed a reasonable opportunity – not necessarily the full duration of the discovery period – to glean the material

facts." *Sanchez*, 492 F.3d at 8. Defendants have had ample opportunity to discover possible prior art in this case and indeed have identified in interrogatory responses and expert reports over two dozen pieces of art they claim invalidate the '858 Patent.

AMBIT served its complaint on Aircell LLC and Delta Air Lines, Inc. on February 17, 2009 and February 18, 2009, respectively. Fact discovery closed on September 15, 2009 and expert reports were served on October 16, 2009. All discovery in this case is completed. Defendants, therefore, have had ten months before they filed their motion for summary judgment, on December 22, 2009, to identify prior art to anticipate or render obvious the '858 Patent. Defendants have had full access to the file history of the '858 Patent and related applications, which include all references considered by the United States Patent and Trademark Office when these applications were examined. Also, Defendants have scoured the earth to find any reference, no matter how tenuous, in their efforts to invalidate the '858 Patent. This search effort is evident in Defendants' Preliminary Invalidity Contentions, which cite 10 patents and 18 other documents.

Defendants had a full and fair opportunity to conduct relevant discovery. Accordingly, the first prong of the test for granting *sua sponte* summary judgment set forth in *Berkovitz* is satisfied.

    **2.    Defendants Had Ample Opportunity To Present Their Evidence On Obviousness**

A party is deemed to have received appropriate notice if it "received a fair opportunity to put its best foot forward." *Berkovitz,* 89 F.3d at 29 (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). The targeted party receives a fair opportunity to put its best foot forward if it has been able to present evidence in support of its position. *See Puerto Rico Electric Power Authority v. Action Refund et al.*, 515 F.3d 57, 65 (1st Cir. 2008). Defendants moved for

summary judgment on the ground of obviousness, putting forth the best, though insufficient, evidence and arguments they have to support their position. As stated by the Defendants in presenting their argument for obviousness on summary judgment, they choose to focus on their best evidence to cultivate "the instinct for the jugular." D.I. #111 at 13, n 13. Therefore, the arguments presented by the Defendants are admittedly their best, and they have had a more-than-fair opportunity to put forth their best case. Indeed, Defendants noted that they were aware of additional references but chose not to present those references to the Court, presumably because the references are cumulative to or inferior to the cited references.

Because Defendants had ample opportunity to discover evidence for their position and because they were provided a full opportunity to put forth their best case of obviousness, the issue of obviousness is eligible for *sua sponte* summary judgment against Defendants.

**III.  *SUA SPONTE* SUMMARY JUDGMENT AGAINST DEFENDANTS IS APPROPRIATE BECAUSE DEFENDANTS' OBVIOUSNESS ANALYSIS IS LEGALLY ERRONEOUS AND FACTUALLY INADEQUATE**

Patents are presumed to be valid and alleged infringers bear the burden of establishing invalidity with evidence by a clear and convincing standard. *See* 35 U.S.C. § 282; *Kao Corp. v. Unilever United States, Inc.*, 441 F.3d 963, 968 (Fed. Cir. 2006) ("Because patents are presumed to be valid, . . . an alleged infringer seeking to invalidate a patent on obviousness grounds must establish its obviousness by facts supported by clear and convincing evidence"). Defendants have failed to make a clear and convincing case of obviousness because they have failed to follow the obviousness analysis required by *Graham v. John Deere Co.*, 383 U.S. 1 (1966) and lack clear and convincing evidence to demonstrate each element of the obviousness analysis. Under *Graham*, an obviousness analysis involves: (1) determining the scope and content of the prior art; (2) ascertaining the differences between the prior art and the claims at issue; (3) assessing the level of ordinary skill in the pertinent art; and (4) determining whether a person

with the ordinary skill in the pertinent art would have found the patent obvious in context of the prior art references. *See Graham* at 17-18; s*ee also KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 406-07 (2007).

Defendants were, of course, aware of this legal standard for obviousness, as they cited the *KSR* decision as early as their June 12, 2009 Preliminary Invalidity Disclosures under Local Rule 16.6. However, they failed to apply the standard. Defendants' memorandum in support of their motion for summary judgment (D.I. #111) and accompanying declaration by their expert, Dr. Michalson (D.I. #116) identify two items that, in combination, allegedly render obvious the claims of the '858 Patent: a document authored by A.C. Papavramidis and alleged "Admitted Prior Art" (hereinafter, "Official Notice") from an application related to the '858 Patent. Defendants do not analyze Papavramidis and the Official Notice in accordance with *Graham* and *KSR*.

Defendants' analysis fails to consider the claims of the '858 Patent as a whole and fails to compare it to the alleged prior art as a whole. Instead, Defendants' analysis is limited to considering individual elements of the '858 Patent in isolation and then attempting to map corresponding structure/method steps in Papavramidis or the Official Notice onto the claim elements of the '858 Patent. Defendants fail to provide any reason why it would have been obvious to one of ordinary skill in the art, at the time of invention, to combine Papavramidis with the Official Notice to result in the claimed invention or to even consider both references together. Rather, the Defendants' proposed combination is merely the result of a hindsight-based approach of simply attempting to identify patent claim elements, in isolation, in the prior art without considering the invention as a whole and whether a person of skill in the art would have had reason to make the patented invention as of the critical date. *See KSR*, 550 U.S. at 421 ("A

factfinder should be aware, of course, of the distortion caused by hindsight bias and must be cautious of arguments reliant upon ex post reasoning"). The Defendants merely have searched the prior art for bits and pieces that might bear resemblance to the individual elements of the claims at issue and have haphazardly mashed them together without articulating the reasons why a person having ordinary skill in the art would do so to arrive at the claimed invention. This type of reasoning would be inadequate even during prosecution at the USPTO, let alone at trial where a patent is presumed to be valid, requiring the heightened burden of clear and convincing evidence to overcome the presumption.

Even if Defendants had satisfied the analytical requirements of *Graham* and *KSR*, they could not prevail on obviousness because neither Papavramidis or the alleged Official Notice disclose a "control computer arranged to control a communications link"[2] and "arranged to control use and time"[3] as claimed in the '858 Patent and as construed by the Court. Defendants concede in their summary judgment brief that Papavramidis does not disclose such a control computer. *See* D.I. #111 at 14. The Official Notice also does not disclose such a control computer. The Official Notice states that a "telephone system having a control unit for monitoring the time usage for billing purposes is notoriously well known in the art." This Official Notice does not disclose controlling use and time because "monitoring the time usage

---

[2] The Court construed "control computer" to mean "a programmable data processing device connected to the communication link." *See* Nov. 19, 2009 *Markman* Tr. at 57:25 – 58:1. The Court construed "communication link" to mean "a transmission line that enables communication between the first RF antenna and the second RF antenna." *See Id.* at 56:16-18.

[3] The Court construed "control use" to mean "to control the extent to which a personal computer communication device may utilize the system." *See* Nov. 19, 2009 *Markman* Tr. at 61:3-5. The Court construed "control time" to mean "to control the time interval when the personal computer communication device may use the system." *See Id.* at 61:5-7.

for billing purposes" is not equivalent to "controlling use and time" of a connection between a first and second antenna.

Viewing the claims of the '858 Patent as a whole, the element of "control use and time" in Claim 1, for example, refers to the controlling of use and time in which communication devices are enabled to communicate with a distant communication system, which was not recited by the then-pending claims of the related application from which the so-called Official Notice came. The claim fragment "control use and time" is not to be the same as "monitoring the time usage for billing purposes," especially when taken apart from the remaining context of the claims. It is wholly inappropriate to cherry-pick individual words and phrases from the claims of one patent application and apply them to different individual words and phrases, out of context, in a second patent or application.

Defendants have been aware of AMBIT's argument that the combination of Papavramidis and the so-called Official Notice does not teach a "control computer arranged to control a communications link" and "arranged to control use and time" at least since November 5, 2009, when AMBIT served the "Expert Report of D. Richard Brown III, Ph.D., in Reply to the Expert Report of William R. Michalson, Ph.D. Regarding Invalidity of Claims 1-17 of U.S. Patent No. 7,400,858." The fact that Defendants have been unable to articulate a reason why the combination of Papavramidis and the so-called Official Notice teaches a "control computer arranged to control use and time," in light of AMBIT's arguments, is telling about the insufficiency of these references and of Defendants' obviousness arguments.

Indeed, Defendants' tactics on relying upon the so-called "admitted prior art" Official Notice document (which is not admitted prior art and is not prior art at all) to establish a control computer reveals a glaring, unfillable hole in their arguments. Out of the over two dozen

-7-

references Defendants have identified and relied upon in interrogatory responses and expert reports, the only reference Defendants believe shows a "control computer" is the so-called Official Notice. As AMBIT has discussed in its Opposition Memorandum, the alleged "Admitted Prior Art" is not admitted prior art. D.I. # 125 at 12-15. In the related application, the USPTO Examiner took Official Notice that a "telephone system having a control unit for monitoring the time usage for billing purposes is notoriously well known in the art." The Examiner never stated that he took the Official Notice to be Admitted Prior Art, and the rejection corresponding to the Official Notice was, among other things, overruled by the USPTO Board of Patent Appeals and Interferences. Thus, it is not admitted prior art. Moreover, and critical to the instant point, the so-called Official Notice, even if it were prior art, which it is not, cannot and does not disclose the control computer element of the '858 Patent claims. Because there is no basis for Defendants to show by clear and convincing evidence that the invention as a whole, including the control computer element, was known or suggested by the prior art, it is appropriate to grant summary judgment to Plaintiff.

For at least these reasons, Defendants cannot prove, by clear and convincing evidence, that the combination of Papavramidis and the Official Notice, or indeed any combination of the references they have previously identified in discovery, invalidate any claims of the '858 Patent. The fact that Defendants might have other references in their quiver is of no moment because they have admitted that this particular combination of Papavramidis and the Official Notice is their best prior art invalidity argument. *See* D.I. #111 at 13, n 13. Further to the Court's comments in its Order on January 28, 2010, Defendants should not be permitted to waste judicial resources and needlessly drive up litigation costs on both sides by trying prior-art-based invalidity arguments that Defendants themselves admit to be weaker than the combination of

Papavramidis and the so-called Official Notice.  *See JSMS Rural LP v. GMG Capital Partners III, LP*, 2006 U.S. Dist. LEXIS 54104, *6-7 (S.D.N.Y. Aug. 4, 2006) ("In sum, it would be unfair to allow the losing party to 'move the goalposts' on the prevailing party by re-litigating the lost motion with new evidence and arguments.  For this reason alone, plaintiff's motion for reconsideration [of grant of summary judgment for defendant] must be denied.")

## IV. CONCLUSION

*Sua sponte* summary judgment against Defendants on their claim of obviousness is appropriate here because Defendants have had an ample opportunity to present their obviousness case and it is clear that they cannot establish that defense in this case.  For the reasons shown, Defendants failed to satisfy the well-established legal requirements of an obviousness analysis and their admitted best evidence does not establish a clear and convincing case of obviousness.  Thus, an Order granting *sua sponte* summary judgment against Defendants on the issue of obviousness should be granted.

February 5, 2010                                        HAMILTON, BROOK, SMITH & REYNOLDS, P.C.

                                             /s/ Brian T. Moriarty
Brian T. Moriarty (BBO# 665995)
brian.moriarty@hbsr.com
David J. Thibodeau, Jr. (BBO# 547554)
david.thibodeau@hbsr.com
David J. Brody (BBO# 058200)
david.brody@hbsr.com
Benjamin P. Hurwitz (BBO# 666337)
benjamin.hurwitz@hbsr.com
530 Virginia Road
P.O. Box 9133
Concord, Massachusetts 01742-9133
Telephone:  (978) 341-0036
Facsimile:   (978) 341-0136

GESMER UPDEGROVE, LLP
Lee T. Gesmer (BBO# 190260)
lee.gesmer@gesmer.com
Joseph J. Laferrera (BBO# 564572)
joe.laferrera@gesmer.com
40 Broad Street
Boston, Massachusetts  02109
Telephone:     (617) 350-6800
Facsimile:      (617) 350-6878

*Attorneys for Plaintiff*

-11-

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 5, 2010.

                                          /s/ Benjamin P. Hurwitz
                                          Benjamin P. Hurwitz

957418_1